# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS, JR., | CASE NO: 1:12-cv-00174-GBC (PC) |
| Plaintiff, | ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL |
| v. | |
| C. C. MARTIN, et al., | |
| Defendants. | (Doc. 5.) |
| | ORDER FOR CLERK TO CLOSE CASE |

**I.  Procedural History**

Plaintiff James Evans Jr. ("Plaintiff"), is a state prisoner proceeding pro se. On February 7, 2012, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On February 29, 2012, Plaintiff filed an application to proceed in forma pauperis. Doc. 5.

**II.  Three Strikes**

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

1

be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[1] "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). However, where the docket records do not reflect the basis for the dismissal, the Court should conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice that the Plaintiff has three prior actions dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) for not stating a cognizable claim under section 1983: 1) *Evans v. McDonald, et al.*, 2:09-cv-00291-FCD-CMK at Doc. 10, Doc. 12 (E.D. Cal.) (dismissed May 21, 2009, for failure to state a claim under *Heck*); 2) *Evans v. Supreme Court of California, et al.*, 2:10-cv-00421-UA-RC at Doc. 10 (C.N. Cal.) (dismissed April 25, 2011, for failure to state a claim under *Heck*); and 3) *Evans v. Court of Appeals, Sixth Appellate District, et al.*, 4:11-cv-00154-SBA at Doc. 13 (dismissed November 9, 2011, for failure to state a claim under *Heck*).

The Court finds that a dismissal pursuant to *Heck* counts as a strike under 28 U.S.C. § 1915(g). The Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Additionally, several other courts have held that dismissals under *Heck* count as strikes under 28 U.S.C. § 1915(g). *See e.g.*, *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim.").

Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on February 7, 2012. The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. *Andrews v. Cervantes*, 493 F.3d 1047, 1053

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

(9th Cir. 2007). Plaintiff alleges that on May 10, 11, and 18 of 2011, he suffered retaliatory deprivation of food, mail, hygiene products and showers. Doc. 1 at 2. Because Plaintiff's complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the complaint, Plaintiff is ineligible to proceed in forma pauperis in this action.

### III.   Conclusion and Order

Plaintiff may not proceed in forma pauperis in this action. Therefore, Plaintiff's application to proceed in forma pauperis shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis in this action is denied (Doc. 5);

2. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full; and

3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    July 12, 2012

UNITED STATES MAGISTRATE JUDGE